UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ROBERT E. SPAGNUOLO, JR., | ) | Case No. 11-10844-JNF |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION OF EDWINNA BROOKE-PETIT TO DEBTORS MOTION TO AVOID JUDICIAL LIEN**

Now comes Edwina Brooke-Petit ("Brooke-Petit"), a secured creditor of Robert E. Spagnuolo, Jr. (the "Debtor") and hereby submits the following Opposition to the Motion to Avoid Judicial Lien (the "Motion"), as follows:

Background

Brooke-Petit engaged the Debtor, pre-petition, to perform and supervise extensive renovations to her real property located at 131 Timberlane Drive, Mashpee, Massachusetts. From the inception of the relationship, the Debtor engaged in misrepresentations and did nothing a contractor of his experience would or should do which demonstrated intentional misrepresentations.

State Court Proceedings

In or about November of 2006 Brooke-Petit instituted suit against the Debtor in the Middlesex Superior Court (the "Trial Court") for damages arising from the Debtor's breach of contract, fraud, unfair and deceptive acts and practices in violation of Massachusetts General Laws Chapter 93A, and breach of Massachusetts General Laws Chapter 142A. The Trial Court held a four (4) day trial ending on August 24, 2010. The Jury entered a verdict of $250,000.00 against the Debtor and found fraud. On August 24, 2010, and immediately after the Jury had

been discharged, the Trial Judge held a hearing pursuant to Massachusetts Rules of Civil Procedure Rule 69, to determine the Debtors ability to satisfy the Judgment entered in the Trial Court. At the Rule 69 hearing, during which the Debtor was represented by counsel, the Judge stated "this is a fraudulent finding by the jury…it's not protected by bankruptcy…"

On January 21, 2011, Brooke-Petit recorded a Writ of Attachment at the Suffolk Registry of Deeds in Book 47507, Page 97 in the amount of $360,000.00, covering the Debtors real property located at 50 North Margin Street, Boston, Massachusetts (the "Property").

Bankruptcy Court Proceedings

On February 1, 2011 (the "Filing Date"), the Defendant filed the above-captioned Chapter 7 case. On September 28, 2011 Brooke-Petit filed a Complaint seeking to bar the Defendants discharge under 11 U.S.C. sections 523(a) (2) and (6), A.P. No. 11-1290. On May 15, 2013 this Court granted Brooke-Petit's Motion for Summary Judgment as to Count I of her Complaint declaring the debt non dischargeable under 11 U.S.C. section 523(a)(2). On June 10, 2013 the Debtor filed a Notice of Appeal to the United States District Court. On March 3, 2014 the District Court affirmed in part and vacated in part the Bankruptcy Court's decision and remanded the case for further proceedings. On November 17, 2014 the Bankruptcy Court entered an Order attributing the $250,000.00 Judgment to the Debtor's fraud and affirming the non-dischargeablity of the debt. On December 12, 2014 the Debtor appealed to the United States District Court and on February 24, 2015 the District Court affirmed the Bankruptcy Court's decision and dismissed the Debtors appeal. The Debtor has now moved, almost a decade after this case was first filed, to reopen this case in order to avoid the Judicial Lien on his Property held by Brooke-Petit.

Post-Reopening Sale of the Property

The Debtor has sold and/or transferred title to the Property after the reopening of this chapter 7 case without seeking Court authority, and without informing Brooke-Petit, the holder of a lien on said Property. A Deed for the Property dated April 25, 2019, from Robert E. Spagnuolo, Jr., individually and as Personal Representative of the Estate of Andrea B. Spagnuolo, to Maurizio A. Fabbo, Trustee of the Fabbo Realty Trust, for consideration of $2,580,000.00 was recorded with the Suffolk Registry of Deeds on April 25, 2019 in Book 61012, Page 41. Upon information and belief, a portion of the proceeds of sale were provided to the Debtors spouse's estate and funds have been escrowed in connection with Brooke-Petit's lien. Brooke-Petit is unaware of who is holding said escrowed funds and the amount of funds purportedly being held in escrow. Apparently, the Debtor is also in possession of the surplus proceeds of the sale.

eeValue of the Property as of the Filing Date

While § 522(f) does not specify the operative date for purposes of applying the formula to determine whether a lien impairs an exemption, 11 U.S.C. § 522(a) defines "value" for purposes of § 522 as "fair market value as of the date of the filing of the petition...." Accordingly, the petition date has been held to be the operative date for all § 522(f) determinations, including determinations regarding the value of the debtor's property and the value of the liens. In re Wilding, 475 F.3d 428, 432 (1st Cir. 2007); In re Bradley, No. 01-35118, 2007 WL 1492457, (Bankr. S.D.N.Y. 2007); In re Pacheco, 342 B.R. 352, 357 (Bankr. D.N.M. 2006) (stating that the value of the liens, the value of the property and the amount of the exemption are all measured as of the petition date).

The Debtor, in his Motion, values the Property, as of the Filing Date, at One Million Dollars. As the Property was held by the Debtor and his spouse as Tenants in Common, his interest, as of the Filing Date, as stated in the Motion, was purportedly $500,000.00. Although the Property has historically been used as a four-family dwelling, the 2011 Appraisal obtained by the Debtor does not utilize the income approach to valuation. It appears that the Appraiser did not gain access to the entire premises when performing the Appraisal. In view of the foregoing, and inasmuch as the Property has now been sold for $2,580,000.00, Brooke-Petit is presently obtaining her own Appraisal of the Property, to be presently valued, as well as of the Filing Date.

Fraud Exclusion Should Apply

Pursuant M.G.L. chapter 188, section 3(b)(6), an estate of homestead shall be exempt from the laws of conveyance, descent, devise, attachment, seizure, execution on judgment, levy and sale for payment of debts or legacies except …upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity. While the fraud exclusion in the Homestead Act is unenforceable in bankruptcy to the extent it is inconsistent with the bankruptcy code In re Weinstein, 164 F.3d. 677 (1st Cir. 1999), Brooke-Petit holds a pre-petition Judgment issued from the State Court based upon fraud, that the Bankruptcy Court has held to be non-dischargeable, again based upon fraud. Accordingly, Brooke-Petit asserts that the fraud exclusion contained in the Homestead Statute does not conflict with the Bankruptcy Code in this instance and should therefore apply.

Value of the Exemption

With respect to a home owned by multiple owners as either tenants in common or as trust beneficiaries, the homestead exemption declared under M.G.L. chapter 188, section 3 shall be distributed among the owners in proportion to each of their ownership interests. The Debtor in

his Motion calculations, takes the full amount of the 2010 Homestead exemption amount of $125,000.00 while as of the Filing Date holding a 50% interest in the Property. Accordingly, the homestead should only be valued at $62,500.00.

Conclusion

In view of the foregoing, Brooke-Petit believes that her lien should not and cannot be avoided. The Debtor engaged in fraud, as evidenced by the State Court Judgment and the Judgment of non dischargeability entered by this Court. The Debtor has now transferred title to the Property after reopening his case without seeking court authority, or informing creditors, presumably to avoid paying creditors while retaining a substantial amount of the appreciated equity in the Property, which may constitute property of the estate under 11 U.S.C. section 541(a)(6).

WHEREFORE, Brooke-Petit respectfully requests that this Court:

1. deny the Motion; and

2. grant such other and further relief as is just and proper.

EDWINA BROOKE-PETIT,
By her Attorneys,

/s/ Bill N. Jacob, Esq.
Bill N. Jacob, Esq. (BBO #550959)
Herbert Weinberg, Esq. (BBO #550415)
Rosenberg & Weinberg
805 Turnpike Street, Suite 201
North Andover, MA 01845
(978) 683-2479

May 1, 2019

**CERTIFICATE OF SERVICE**

I, Bill N. Jacob, Esq., hereby certify that on this 1st day of May, 2019, I served a copy of the annexed Opposition, by regular mail, postage prepaid, or by electronic transmission via ECF, upon the following persons and/or entities:

Laurel E. Bretta, Esq.
Bretta & Grimaldi
19 Mystic Avenue
Medford, MA 02155

/s/ Bill N. Jacob, Esq.
Bill N. Jacob, Esq.