UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: )<br>    ROBERT E. SPAGNUOLO, JR. )<br>    Debtor )<br>    ) | CHAPTER 7<br>DOCKET NUMBER: 11-10844 JEB |

## MOVING PARTY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING THE AMENDED MOTION TO AVOID JUDICIAL LIEN REGARDING THE DEBTOR'S INTEREST IN 50 NORTH MARGIN STREET, BOSTON, MASSACHUSETTS

### I. INTRODUCTION

This matter is before the Court for determination of the Debtor's Amended Motion to Avoid Judicial Lien Regarding the Debtor's Interest in 50 North Margin Street, Boston, Massachusetts and to establish whether the Debtor is entitled to strip the lien of Edwina Brooke-Petit ("Petit" or "Creditor") from his residence pursuant to 11 U.S.C. §522(f)(1).

### II. PROCEDURAL HISTORY

The Debtor was contracted to perform certain construction work on the Creditor's property; the project was the subject of a Superior Court Action by Ms. Brooke-Petit where she obtained a non-dischargeable judgment in case #0681CV04145[1]. No execution attachment or execution issued in that case.

Subsequent to the filing of that civil action, the Plaintiff, Petit, filed a separate reach and apply action, Docket No: 1181CV00081 against the Debtor and various members of his family. Pursuant to an ex-parte motion filed by Petit, an attachment of three hundred sixty thousand ($360,000.00) dollars was issued on January 21, 2011, and it was recorded at the Suffolk Registry of Deeds in Book 47507, Page 97. (See Exhibit 5)[2]

On February 14, 2011, a Suggestion of Bankruptcy was filed in the reach and apply case and pursuant to an order entered by the Court, Petit, having failed to file a status report, the case against Robert Spagnuolo, the Debtor was dismissed. (See Dismissal and Docket – Exhibit 6) The status of the case as it exists today is that the Debtor has been dismissed from the reach and apply case for eight (8) years[3].

---

[1] That Judgment was deemed non-dischargeable by order of The Honorable Joan N. Feeney.
[2] The underlying reach and apply action in which the attachment was ordered was dismissed against the Debtor on October 17, 2012.
[3] There was no attachment issued in the civil action giving rise to the Judgment.

1

A judicial lien as it is defined in 11 U.S.C. §101(36) was placed on the Debtor's home at 50 North Margin Street, Boston, Massachusetts[4] just after the title search was performed showing no judicial liens existed in January 2011.

A Chapter 7 Petition was filed on February 1, 2011 (D.E. #1). The Debtor's Chapter 7 case closed on October 27, 2015. The Debtor's case was reopened on April 2, 2019 for the sole purpose of determining whether the lien impaired the Debtor's exemption and if so, by what amount.

An Amended Motion to Avoid Judicial Lien Regarding the Debtor's Interest in 50 North Margin Street, Boston, Massachusetts was filed on May 1, 2019 (D.E. #190) with Opposition by the Creditor on May 1, 2019 (D.E. #192).

The Debtor propounded discovery to Petit. Petit has not propounded discovery to the Moving Party. Discovery closed on October 15, 2020, and the Debtor moves for summary judgment on his Amended Motion to Avoid Judicial Lien Regarding the Debtor's Interest in 50 North Margin Street, Boston, Massachusetts.

### III.    JURISDICTION AND RELATED MATTERS

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and Fed. Rul. of Civ. Proc. 56, made applicable by virtue of Bankr. Rul. 7056 controls.

### IV.    STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett* 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

However, to survive a petitioner's motion for a summary judgment, a respondent must establish that there is a genuine issue of material fact in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The issue of fact must be genuine, Fed. Rules. Civ. Proc 56(c). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts". See *DeLuca v. Atlantic Refining Co.*, 176 F.2d 421, 423 (CA2 1949) (L. Hand, J.), cert. denied, 338 U.S. 943 (1950);

---

[4] The Debtor and his Superior Court counsel state that they did not receive notice of this action.

10A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2727 (1983); Clark, Special Problems in Drafting and Interpreting Procedural Codes and Rules, 3 Vand. L. Rev. 493, 504-505 (1950). Cf. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627 (1944). "In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" Fed. Rule Civ. Proc. 56(e) (emphasis added). See also Advisory Committee Note to 1963 Amendment of Fed. Rule Civ. Proc. 56(e), 28 U.S.C. App., p. 626 (purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial"). Where the record, taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *First National Bank of Arizona v. Cities Service*, 391 US 253,289 (1968) *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252(1986). "After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial". *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). "The movant has the initial burden of showing the absence of a genuine issue of material fact". *Id.* @ 323. "Once the movant meets this burden, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a reasonable jury could find for that party; a "scintilla of evidence" is insufficient". *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 252.

"A party asserting that a fact cannot be or is genuinely disputed must designate specifically the materials in the record supporting the assertion, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." (Fed. R. Civ. P. 56(c)(1)). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor". *Anderson v. Liberty Lobby, Inc*, 477 U.S. @ 255.

The Creditor must not only meet the standards of Rul. 56, in showing that there is no genuine issue as to any material fact and that the Moving Party is entitled to a judgment as a matter of law; it must show the requirement is that there be no *genuine* issue of *material* fact as it is defined below[5].

"Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc*, 242, 248 (1986) citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968), The Court noted Rule 56(e)'s provision that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts

---

[5] **Fed. R. Civ. P. 56 ( c)**

In the Instant Case, the only evidence of value before the Court is that of the Moving Party's expert; the Creditor has no expert to testify and has not identified any documents which would support a contrary valuation[6]. Once the Court qualifies the expert witness and examines his methodologies, through affidavit or otherwise, there is nothing to suggest that a different value would be determined; and therefore, the Moving Party's Motion should be granted.

The Creditor may argue that it is entitled to cross-examine the appraiser at trial; and therefore, the Summary Judgment Motion should not be allowed. However, if the Court finds that the appraiser is qualified, that he used a generally accepted method of valuation, then his Appraisal must be accepted as indicative of the value of the Subject Property's value as there is no proof to contradict the same. A trial on the merits would produce no different result.

While the Court is the final fact finder in this case, respectfully, the appraisal prepared by Robert Veaner, The Appraiser's Group, supported by his professional education, licensure, experience, and credentials and countersigned by Appraiser Goulet, overwhelmingly suggests that he is qualified to render an opinion as to value and that the Appraisal was prepared using generally accepted principals of value, which should be relied upon by the Court in granting this Summary Judgment Motion (See Affidavit of Robert Veaner, and the Appraisal).

## 2. *THE LACHES DEFENSE IS INAPPLIABLE IN THE INSTANT CASE.*

"It has long been the rule that the defendants bear the burden of proof as to affirmative defenses, including the assertion that a statute of limitations is a bar to an action". See, *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991" *U.S. V. Askegard*, 291 F.Supp. 2d 971, 9 (D.Minn. 2003)

"The test of laches is prejudice to the other party. *Gardner v. Panama R. Co.*, 342 U.S. 29, 30-31; *Cities Service Co. v. Puerto Rico Co.*, 305 F.2d 170, 171 (C.A. 1st Cir) (both unreasonable delay and consequent prejudice)" *Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206, 215 (1963)

Laches is an equitable defense; the Creditor must show prejudice and due diligence. This Creditor cannot show prejudice or that it acted with due diligence; and therefore, cannot rely on a laches argument in this matter.

During the course of that proceeding, the Moving Party filed ten (10) Motions for 2004 Examinations including, but not limited to, that of Robert Coviello, Robert J. Spagnuolo, Stoneham Savings Bank, Worker's Credit Union, Century Bank and Trust, Andrea Spagnuolo, Leone and Leone, Ariana Spagnuolo, and the Motions were allowed, after amendment.

---

[6] The Creditor did not propound any discovery but has had the Moving Party's appraisal and the Debtor's Schedules back to the original Chapter 7 proceeding.

To state that Ms. Brooke-Petit had ample opportunity to discover the Debtor's assets and financial affairs is without question and in fact, it is rare to have that many 2004 Examinations planned in a Chapter 7 case.

Several motions and hearings were scheduled with regard to the Motion for Relief from Automatic Stay and a Stipulation was entered by the parties on June 5, 2012. The stipulation was allowed without objection.

The Chapter 7 Trustee's Report of No Distribution was filed by Trustee Aquino on October 30, 2013, and the discharge entered on behalf of the Debtor and the order discharging the Trustee and closing the case was entered on October 27, 2015, approximately four and one-half (4 ½ ) years after the initial filing for relief.

Unless the Court orders otherwise, any property scheduled under §521(l) of Title 11 not otherwise administered at the time of the closing of the case is abandoned to the Debtor and administered for the purposes of §350 of Title 11 (11 U.S.C. §554( c) and *In Re. Furlong*, 437 B.R. 712, 718 (Bankr. D. Mass. 2010).

During the initial Chapter 7 case, there was never any objection filed by the Moving Party or the Trustee as to the Debtor's claim of exemption nor was there any objection to the Debtor's claim of the value of the property at issue. "An exemption claim is prima facia valid absent a timely objection." *See §522(l), Taylor v. Freeland Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L. Ed. 2d 280 (1992). *In Re Edmonston*, 107 F.3d at 76 which provides that "an exemption claim becomes effective by operation of law absent a cognizable objection."

A stated earlier, the Debtor submitted a written appraisal to the Chapter 7 Trustee from The Appraisers Group, Belmont, Massachusetts which indicated the value of the property to be one million ($1,000,000.00) dollars. It is the Debtor's understanding that the Trustee shared that appraisal with the Moving Party and another copy was given to the Moving Party. In addition, in its Motion for Relief From Automatic Stay, the secured creditor stated, with particularity, the balance due on the first mortgage[7] for the North Margin Street property and the value and there was no objection by the Moving Party to either.

The Debtor was examined exhaustively and while he acknowledges that Ms. Brooke-Petit's claim is deemed non-dischargeable.

The Order to Reopen was allowed, over opposition of Petit, by Judge Feeney who was well aware of and had ruled on many Motions to Re Open, both in favor of the Debtor and against. In denying a Motion to Reopen, in *In re Mammola*, No. 90-12851-JNF, at *7-8 (Bankr. D. Mass. Dec. 14, 2009) the Court, in referencing to the Levy _ acknowledged that: ("Although the bankruptcy court has discretion to determine motions to reopen, the discretion is circumscribed by the equitable doctrine of laches. According to the court

---

[7] Page 2 of DE# 92 states that the mortgage balance of 8/25/2011 was eighty-six thousand nine hundred twenty-seven and 72/100 ( $867,927.72) dollars.

6

showing that there is a genuine issue for trial. *First National Bank of Arizona*, 391 Mass @ 288-289.

In *Adickes v. S. H. Kress Co.*, 398 U.S. 144 (1970), the Court emphasized that the availability of summary judgment turned on whether a proper jury question was or could be presented.

The Court in *Anderson, supra,* required, as it did in *Adickes, supra* that to defeat a summary judgment motion, there must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82 (1967) *(per curiam)*, or is not significantly probative, summary judgment may be granted. *Anderson, supra.*

Rule 56(e) itself stands for the proposition that, when a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial. "Rule 56(c) requires that the trial judge grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. There is no requirement that the trial judge make findings of fact. The inquiry performed is the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any <u>genuine</u> factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party". *Anderson, supra.*

The Creditor cannot rely on speculation or hearsay to defeat a summary judgment. "The inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position *will be insufficient*; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict — whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed". *Anderson, supra.*

V.    ARGUMENT

1. **THE CREDITOR HAS NO ADMISSIBLE EVIDENCE THAT IT CAN INTRODUCE TO DISPROVE THE MOVING PARTY'S APPRAISED VALUE OF THE SUBJECT PROPERTY; AND THEREFORE, THE MOTION FOR SUMMARY JUDGMENT MUST BE ALLOWED.**

The valuation of real property is the subject of expert testimony – testimony advanced by an expert, qualified to render an opinion, using generally accepted methods of valuation.

4

in *Levy*, Laches is an equitable defense which allows a court to dismiss an action when there exists inexcusable delay in instituting an action and prejudice to the non-moving party as a result of the delay. See *Kepner-Tregoe, Inc. v. Executive Dev., Inc.*, 79 F.Supp.2d 474, 486 (D.N.J. 1999) (citing *Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1108 (3d Cir. 1996)). The burden to prove the elements of the defense rests with the party asserting it. See *U.S. v. Koreh*, 59 F.3d 431, 445-46 (3d Cir. 1995) (citing *EEOC v. Great Atlantic Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir.), *cert. dismissed*, 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984)).In re Dator, 2006 WL 2056678 at *2 (citing *In re Levy*, 256 B.R. at 565-66). *See also In re Koza*, 375 B.R. 711, 718-19 (B.A.P. 1st Cir. 2007).") In denying the Motion to Reopen, the Court presumably applied an analysis of the laches doctrine; and while the Responding Party, in accordance with the holding in *In re Wilding* 475 F.3d 428 (1st Cir. 2007), may again raise the defense of laches, Petit may not rest on that argument without expert testimony that an appraisal was impossible to prepare. In fact, the Court in *Wilding*, faced with a similar issue, found that not only did the bankruptcy Court have authority to avoid a lien after the lien had been satisfied, it was incumbent upon the Court, on remand, to determine the amount of the lien to be avoided, nunc pro tunc. *Wilding*, @ 433.

Petit had full disclosure of the sum that the Debtor stated in his Schedules was the value of his Property; she had access to the Debtor's appraisal in both the original Chapter 7 case and in the reopened case; she had an opportunity to take the deposition of the Debtor and his appraiser in both the original Chapter 7 case and now, but did not do so; therefore, Petit's defense of laches should fail.

## VI.    CONCLUSION

Judicial liens are disfavored in bankruptcy proceedings as they are often used to provide one creditor over another preference. *Wilding, supra.* In contrast, preserving homestead exemptions and the Debtor's home is of utmost priority when affording a Debtor a "fresh start". The operative date for valuation is the Petition Date. The fact that the Debtor worked to improve the Subject Property is not relevant. The Creditor still maintains her judgment, but in accordance with the provision of 11 U.S.C. §522(f)(1), it is respectfully requested that her lien be determined to impair the Debtor's exemption in full[8].

---

[8] The Moving Party notes that the valuation at issue would have to be substantially more than one million five hundred thousand ($1,500,000.00) dollars for the lien to have any value to the Creditor.

7

                Respectfully submitted,
                Robert E. Spagnuolo, Jr.
                By his attorney,

Dated: October 30, 2020        /s/ **Laurel E. Bretta**
                Laurel E. Bretta, Attorney
                Bretta Law Advisors, P.C.
                77 Mystic Avenue, P.O. Box 110
                Medford, Massachusetts 02155
                Telephone: (781) 395-1545
                Facsimile: (781) 395-0012
                Email: bglaw@lbretta.com
                BBO #547358

S:\S1\S\SPAGNUOLO\CHAPTER 7\RE-OPENED Ch 7\SUMMARY JUDGMENT\Memo In Support Of Motion For Summary Judgment 10-30-20.Docx